IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ESSEX INSURANCE COMPANY                                    PLAINTIFF

VS.                         CIVIL ACTION NO. 5:04-cv-102(DCB)(JCS)

MASSEY LAND & TIMBER, LLC;
JOE BONELLI CONSTRUCTION COMPANY, INC.;
HARTFIELD BUILDERS, INC.;
BREWER CONSTRUCTION, INC.;
DAVID BREWER, INC.; and
PEAR ORCHARD VICKSBURG, INC.                              DEFENDANTS

### ORDER

This cause is before the Court on the plaintiff Essex Insurance Company ("Essex")'s motion to reconsider **(docket entry 111)** the Court's Memorandum Opinion and Order of September 29, 2005. Having carefully considered the motion, the responses of the defendants, the memoranda of the parties and the applicable law, the Court finds as follows:

As grounds for reconsideration, the plaintiff contends the Court erred as a matter of law in finding a genuine issue of material fact concerning the applicability of a subsidence exclusion found in the insurance policy with an effective policy period of June 10, 1999 to June 10, 2000. The second policy, with an effective period of June 10, 2000 to June 10, 2001, did not have a subsidence exclusion. The Court found that there was a genuine issue of material fact concerning when the damages to third parties occurred, so that the Court could not hold as a matter of law which policy applied.

Essex urges the Court to find that only the first policy applies, inasmuch as all of Massey's work was performed during the first policy period. However, both of the Commercial General Liability Coverage policies provide as follows:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which the insurance does not apply ... .

b. This insurance applies to "bodily injury" and "property damage" only if.

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

    (2) The "bodily injury" or "property damage" occurs during the policy period.
... .

(Coverage A(1)(a),(b)(1)&(2)).  "This provision clearly focuses on the time the <u>damage</u> occurs and not on the time of the underlying event that eventually caused the damage. An overwhelming majority of jurisdictions have rejected the argument that coverage is triggered at the time of the injury-causing event because such an interpretation conflicts with this provision of a standard occurrence policy." <u>Joe Harden Builders, Inc. v. Aetna Casualty and Surety Company</u>, 486 S.E.2d 89, 90 (S.C. 1997). Although there is no case applying Mississippi law directly on point, the Court

finds that the Mississippi Supreme Court would follow the majority position that coverage is triggered at the time of injury or damage, based on the clear policy language, the rule that the terms of an insurance policy "must be given their plain meaning and enforced as written," American States Ins. Co. v. Netherly, 79 F.3d 473, 475 (5th Cir. 1996)(applying Mississippi law), and the general principle that a tort is not complete until the injury occurs, Williams v. Kilgore, 618 So.2d 51, 54 (Miss. 1992).

Because the Court did not have sufficient information before it indicating the date or dates that damages occurred, it could not find as a matter of law which policy or policies potentially covered the alleged damages to third parties. However, on June 23, 2005, the Circuit Court of Warren County, Mississippi, issued its Order in the underlying state court case against Massey Land & Timber, LLC. This Order adopts, with modifications, the Special Master's Report to the Circuit Judge dated February 15, 2005. Both the Special Master's Report and the Order address the issue of damages.

Although the Court previously found that there were genuine issues of material fact regarding damages, this finding was based on the paucity of evidence before the Court, and not on clearly identifiable factual disputes. The Court shall therefore require the parties to collect and submit information relevant to the questions of when and how "property damage" "occurred" as those

3

terms are defined by the policies.  Once the parties have had an opportunity to adduce and submit evidence relevant to this issue, the Court will be in a better position to interpret the policies in light of the available evidence.

In addition, in its previous Memorandum Opinion and Order, the Court found that "Massey's acts fall outside the coverage of the policies if they were committed consciously and deliberately, without the unexpected intervention of any third force, and if the likely and actual effect of those acts was well within Massey's foresight and anticipation."  Mem. Opinion & Order, p. 25.  The Court further found that Massey's earth work and compaction of the residential lots was "carried out consciously and deliberately," and "followed a course consciously devised and controlled by" Massey.  Id.

Thus, as to this aspect of the case, the only issues remaining are whether there was an unexpected intervention of a third person or extrinsic force, and whether the likely and actual effects of Massey's acts were well within his foresight and anticipation.  Id., p. 26.  These are ordinarily issues of fact, as the Court noted in its memorandum opinion.  However, it appears to the Court that these issues have also been litigated in the state court, as reflected in the Special Master's Report of February 15, 2005, and the Circuit Judge's Order of June 23, 2005.  According to the doctrine of collateral estoppel, or issue preclusion, "when an

4

issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443  1970).  "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982).

Under Mississippi law, collateral estoppel applies when three elements are present: (1) the issue involved in the second suit was identical to the one involved in the previous suit; (2) the issue was actually litigated in the prior action; and (3) the resolution of the issue was necessary to the prior judgment. In the Interest of K.M.G., 550 So.2d 994, 997 (Miss. 1987); accord, Welborn v. Lowe, 504 So.2d 205, 207 (Miss. 1987). An additional requirement is that the party against whom the doctrine is applied must have had a full and fair opportunity to litigate the issue in the previous action and must have been able to foresee the future litigation. Jordan v. McKenna, 573 So.2d 1371, 1375 (Miss. 1990). In addition,

> [a] person who is not a party but who controls an action individually or in cooperation with others is bound by the adjudications of litigated matters as if he were a party, if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same

subject matter or transaction ... .

<u>Palmer v. Clarksdale Hospital</u>, 213 Miss. 611, 57 So.2d 476, 481 (1952)(quoting Restatement of Judgments, Sec. 84).

The Court therefore finds that the parties shall be required to brief the effect of the Special Master's Report and the Circuit Court Order on the present declaratory judgment action in terms of collateral estoppel. Further, the Court's denial of summary judgment was premised not on identifiable factual disputes but on a paucity of evidence. The record in the state court case may provide the needed facts to which this Court might apply the law without resort to collateral estoppel. See <u>Leggett v. Home Indemnity Company</u>, 461 F.2d 257, 260 (10th Cir. 1972). Accordingly,

IT IS HEREBY ORDERED that the plaintiff Essex Insurance Company's motion to reconsider **(docket entry 111)** the Court's Memorandum Opinion and Order of September 29, 2005, is DENIED; however, the Court shall <u>sua sponte</u> require further briefing on the issues delineated above. The plaintiff shall have until December 7, 2005, to file its supplemental brief. The defendants shall have until December 21, 2005, to file a responsive brief. Any rebuttal shall be due December 30, 2005.

SO ORDERED, this the 22nd day of November, 2005.

                                    s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE