IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ESSEX INSURANCE COMPANY                                    PLAINTIFF

VS.                         CIVIL ACTION NO. 5:04-cv-102(DCB)(JCS)

MASSEY LAND & TIMBER, LLC;
JOE BONELLI CONSTRUCTION COMPANY, INC.;
HARTFIELD BUILDERS, INC.;
BREWER CONSTRUCTION, INC.;
DAVID BREWER, INC.; and
PEAR ORCHARD VICKSBURG, INC.                              DEFENDANTS

ORDER

This cause is before the Court on the defendant Brewer Construction, Inc. ("BCI")'s motions in limine **(docket entries 80 and 81);** the plaintiff Essex Insurance Company ("Essex")'s motion to strike BCI's designation of expert **(docket entry 83);** Essex's motion to strike David Brewer, Inc. ("DBI") and Pear Orchard Vicksburg, LLC ("POV")'s designation of expert **(docket entry 84);** Essex's motion in limine regarding said experts' testimony **(docket entry 87);** BCI's cross-motion for leave to file designation of experts out of time **(docket entry 95);** Essex's motion in limine regarding bad faith and punitive damages **(docket entry 85);** Essex's motion in limine regarding damages **(docket entry 86);** Essex's motion in limine regarding underlying lawsuit **(docket entry 88);** and DBI and POV's motion in limine regarding allocation of fault **(docket entry 89).** Having carefully considered the motions and responses, and being fully advised in the premises, the Court finds

as follows:

BCI's motions in limine **(docket entries 80 and 81)** shall be GRANTED as unopposed.

Essex's motion to strike BCI's designation of its expert, David Dennis **(docket entry 83),** is based on the untimeliness of the designation.  Essex's motion in limine regarding expert testimony **(docket entry 87)** seeks, in part, to exclude David Dennis's testimony.  The Court finds that BCI has shown good cause for its late designation, as set forth in its responses and cross-motion for leave to designate expert out-of-time **(docket entry 95)**. Furthermore, the Court finds that the testimony is important to BCI's defense, and that any prejudice to the plaintiff can be cured by allowing additional limited discovery.  Essex's motion to strike shall be DENIED; the motion in limine as it pertains to BCI's expert shall be DENIED; and BCI's motion for leave to designate David Dennis as an expert out-of-time shall be GRANTED.

Essex's motion to strike DBI and POV's designation of their expert, Gene Wardlaw **(docket entry 84),** and Essex's motion in limine regarding expert testimony **(docket entry 87),** inasmuch as it seeks to exclude Gene Wardlaw's testimony, shall be GRANTED as unopposed.

Essex's motion in limine regarding bad faith and punitive damages **(docket entry 85)** shall be GRANTED as unopposed.

Essex's motion in limine regarding the amount of damages in

the underlying lawsuit **(docket entry 86)** shall be GRANTED inasmuch as the amount of damages is irrelevant to the coverage issue.

Essex's motion in limine regarding the underlying lawsuit **(docket entry 88)** is DENIED without prejudice until the Court can hear further argument.

DBI and POV's motion in limine regarding allocation of fault **(docket entry 89)** is DENIED without prejudice until the Court can hear further argument. Accordingly,

IT IS HEREBY ORDERED that BCI's motions in limine **(docket entries 80 and 81)** are GRANTED;

FURTHER ORDERED that Essex's motion to strike BCI's designation of its expert, David Dennis **(docket entry 83)**, is DENIED;

FURTHER ORDERED that BCI's cross-motion for leave to designate expert out-of-time **(docket entry 95)** is GRANTED;

FURTHER ORDERED that Essex's motion to strike DBI and POV's designation of their expert, Gene Wardlaw **(docket entry 84)** is GRANTED;

FURTHER ORDERED that Essex's motion in limine regarding expert testimony **(docket entry 87)** is DENIED inasmuch as it seeks to exclude David Dennis's testimony, and GRANTED inasmuch as it seeks to exclude Gene Wardlaw's testimony;

FURTHER ORDERED that Essex's motion in limine regarding bad faith and punitive damages **(docket entry 85)** is GRANTED;

FURTHER ORDERED that Essex's motion in limine regarding the amount of damages in the underlying lawsuit **(docket entry 86)** is GRANTED;

FURTHER ORDERED that Essex's motion in limine regarding the underlying lawsuit **(docket entry 88)** is DENIED without prejudice;

FURTHER ORDERED that DBI and POV's motion in limine regarding allocation of fault **(docket entry 89)** is DENIED without prejudice.

SO ORDERED, this the 29th day of March, 2006.

S/DAVID BRAMLETTE  
UNITED STATES DISTRICT JUDGE