```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

ESSEX INSURANCE COMPANY                                PLAINTIFF

VS.                        CIVIL ACTION NO. 5:04-cv-102(DCB)(JMR)

MASSEY LAND & TIMBER, LLC;
JOE BONELLI CONSTRUCTION COMPANY, INC.;
HARTFIELD BUILDERS, INC.;
BREWER CONSTRUCTION, INC.;
DAVID BREWER, INC.; and
PEAR ORCHARD VICKSBURG, INC.                          DEFENDANTS

                       ORDER OF DISMISSAL

   This cause is before the Court on the plaintiff Essex Insurance Company ("Essex")'s motion to dismiss **(docket entry 131)**. Having carefully considered the motion and responses, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

   Federal Rule of Civil Procedure 41(a)(2) provides the standard for the plaintiff's motion for voluntary dismissal: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed.R.Civ.P. 41(a)(2). A district court's grant or denial of a voluntary dismissal, and any conditions attached thereto, is reviewed under an abuse of discretion standard. Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002). The Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-

moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002). Plain legal prejudice occurs where the grant of a motion for voluntary dismissal causes the nonmovant to be stripped of an otherwise available defense. Id. at 318-19.

Defendant Brewer Construction Company, Inc. ("BCI"), has joined in the plaintiff's motion (docket entries 132, 133). The remaining defendants have not responded. Therefore, none of the defendants has shown that dismissal without prejudice would strip them of an otherwise available defense, nor that any prejudice to them would result from the voluntary dismissal.

In addition, the Court finds that it is without jurisdiction over this declaratory judgment action. The plaintiff's motion shows that Essex defended its insured, Massey Land & Timber, LLC ("Massey"), under a reservation of rights in the underlying state court action. Following a final judgment against Massey and BCI, Massey and BCI appealed to the Mississippi Supreme Court, which reversed the judgment against them. A petition for rehearing has been denied. The state court action has been tried to completion, and the issue of whether Essex has a duty to defend Massey is now moot. Furthermore, inasmuch as judgment has now been rendered in Massey's favor, the issue of whether Essex has a duty to indemnify Massey is also moot.

A declaratory judgment may only issue if there exists "a case of actual controversy" before the Court.  28 U.S.C. § 2201(a).  Since there no longer exists a case or controversy to support a claim for declaratory relief, there are no claims left at issue in this action[1] and it appears that dismissal is appropriate.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Essex Insurance Company's motion to dismiss **(docket entry 131)** is GRANTED, and this action is dismissed as moot without prejudice.

SO ORDERED, this the   20th   day of February, 2007.


　　　　　　　　　　　　　　　　　s/David Bramlette　　　　　
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] The defendants' counterclaim for punitive damages was dismissed with prejudice on September 29, 2005 (docket entry 109).